# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**JOHN HENRY SEELING, IV**                                         **PETITIONER**

**VS.**                                     **CIVIL ACTION NO.: 1:09-CV-761-HSO-JMR**

**UNKNOWN ABRAM, Captain**                                        **RESPONDENT**

_____

## REPORT & RECOMMENDATION
_____

This matter is before this Court on the Respondent's Motion [7-1] to Dismiss Pursuant to § 2244(d) filed on January 6, 2010. Petitioner, John Seeling, filed a Traverse on January 15, 2010. Having considered the Respondent's Motion [7-1], along with the pleadings, entire record and the applicable law, this Court finds that Respondent's Motion [7-1] to Dismiss should be granted. Accordingly, Seeling's petition in the above-captioned action should be dismissed.

## PROCEDURAL HISTORY

Seeling was convicted of Capital Murder by the Circuit Court of Hancock County, Mississippi, and sentenced to life imprisonment in the Mississippi Department of Corrections without the possibility of parole in March 2001. (*See* Ex. "A" Attach. Resp. Mot. [7-2] Dismiss.) On March 20, 2003, the Mississippi Supreme Court affirmed Seeling's conviction and sentence by written opinion. *Seeling v. State*, 844 So.2d 439, *reh'g denied*, May 15, 2003 (Miss. 2003).

Respondent notes that neither the Mississippi Supreme Court Clerk's office nor the United States Supreme Court's docket reflect a petition for writ of certiorari to the United States Supreme Court filed by Seeling. (Resp. Mot. [7-1] Dismiss 3.) Seeling, through counsel, filed a Motion for Leave to File Motion for Post Conviction Relief with the Mississippi Supreme Court on April 7,

2006. (*See* Ex. "C" Attach. Resp. Mot. [7-2] Dismiss.) The Mississippi Supreme Court denied Petitioner's request on May 3, 2006. (*See* Ex. "D" Attach. Resp. Mot. [7-2] Dismiss.)

On July 24, 2006, Seeling filed a post-conviction motion in the Circuit Court of Hancock County, which was dismissed for lack of jurisdiction. (*See* Exs. "E," "F" Attach. Resp. Mot. [7-3] Dismiss.) On April 27, 2007, Seeling filed a Petition for Certiorari in the Mississippi Supreme Court, which was treated as a motion for post-conviction relief and dismissed as a successive writ. (*See* Exs. "G," "H" Attach. Resp. Mot. [7-3] Dismiss.) Seeling signed an Application for Leave to Proceed in the Trial Court on Post-Conviction Relief on August 28, 2009, which was stamped filed in the Mississippi Supreme Court on September 4, 2009. (*See* Ex. "I" Attach. Resp. Mot. [7-3] Dismiss.) The application was also dismissed as a successive writ by Order of the Mississippi Supreme Court, filed on October 7, 2009. (*See* Ex. "J" Attach. Resp. Mot. [7-3] Dismiss.)

On November 9, 2009, Seeling filed the instant Petition for Writ of Habeas Corpus. On that same day, Seeling filed a Motion for Leave to Proceed in forma pauperis. The motion was granted by Order on December 15, 2009. On January 6, 2010, Respondent filed the present Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d).

## ANALYSIS

The Respondent argues that Seeling's *habeas* petition is untimely filed in violation of the one-year statute of limitations provision of the AEDPA. A petitioner seeking federal *habeas* relief must file his federal petition within one year from the date on which "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" or "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," whichever came later. 28 U.S.C. § 2244(d)(1)(A) and (D). However, the one-year statute of limitations is subject to tolling for the period when a properly filed application for post-conviction

relief or collateral review is pending. 28 U.S.C. § 2244(d)(2).

In the instant petition, Seeling challenges his conviction of Capital Murder and sentence imposed by the trial court in March 2001. (*See* Pet. [1-1].) Respondent argues that Seeling's *habeas* petition should have been filed within one year of the date that Seeling's conviction and sentence became final. Respondent claims that unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal *habeas corpus* petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998).

Seeling did not seek a writ of certiorari to the United States Supreme Court. As such, Seeling's conviction became final on August 13, 2003 - ninety (90) days after his direct appeal in state court ended.[1] *See Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (stating that "a state prisoner's conviction becomes final for purposes of §2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired). Therefore, in accordance with the AEDPA's one year statute of limitations, Seeling's *habeas* petition was due by August 13, 2004. Thus, unless Seeling complied with the one year statute of limitations period required by 28 U.S.C. § 2244(d)(1)(A), any state court motion for Post-Conviction Relief must have been filed before August 13, 2004, in order to toll the limitation period. *See Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). A review of the record indicates that Seeling, assisted by counsel, filed his state court Motion for Leave to File

---

[1] This date is calculated as ninety (90) days from May 15, 2003 - the date the Mississippi Supreme Court denied a rehearing on Seeling's direct appeal.

Motion for Post-Conviction Relief in the Mississippi Supreme Court on April 7, 2006 - some 602 days after the August 13, 2004 deadline for filing his federal *habeas* petition. Therefore, Seeling failed to trigger the tolling provision of 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule" a petitioner's *pro se* federal *habeas* petition is deemed filed on the date that he delivered the petition to prison officials for mailing to the district court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest Seeling "filed" his petition was on October 28, 2009, the date it was signed. This date is 1,902 days, over five years, past the August 13, 2004 deadline for filing his federal *habeas* petition. Seeling's failure to file his petition within the statutory deadline warrants dismissal of his petition.

Seeling argues, however, in his Traverse to Respondent's motion to dismiss, that he was given an illegal sentence and thus his petition should not be time-barred. (*See* Traverse [9-1].) Generally, equitable tolling is only available in rare circumstances. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999). Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999); *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "'[E]quity is not intended for those who sleep on their rights.'" *Id*. (quoting *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). As the Supreme Court has stated, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed.

2d 669 (2005)). "Excusable neglect does not support equitable tolling." *Ott*, 192 F.3d at 513-14. Seeling should be allowed to toll the statute of limitations if in exercising due diligence he could not timely uncover essential information that was predicate to his claim. *See Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).

Seeling asserts the Court should apply equitable tolling because the trial court imposed an allegedly illegal and unconstitutional sentence.[2] (*See* Traverse [9-1].) However, Seeling has not

---

[2]In particular, Seeling claims that after the jury was unable to reach a decision on punishment for his Capital Murder conviction, the trial judge illegally sentenced him to life imprisonment without the possibility of parole when according to MISS. CODE ANN. § 99-19-101 he should have been sentenced to life imprisonment. However, the Court notes that the Hattiesburg Division of this Court has found that:

> Section 99-19-101(1) sets forth a sentencing scheme with three options wich reads, in pertinent part, as follows: "Upon conviction or adjudication of guilt of a defendant of capital murder... the court shall conduct a separate sentencing hearing to determine whether the defendant should be sentenced to death, life imprisonment without eligibility for parole, or life imprisonment." However, this section must be read in conjunction with two other relevant Code sections. Section 97-3-21 provides: "Every person who shall be convicted of capital murder shall be sentenced (a) to death; (b) to imprisonment for life in the State Penitentiary without parole; or (c) to imprisonment for life in the State Penitentiary with eligibility for parole as provided in section 47-7-3(1)(f)." Section 47-7-3(1)(f) provides: "No person shall be eligible for parole who is charged, tried, convicted and sentenced to life imprisonment under the provisions of Section 99-19-101."
>
> The court agrees with respondent that reading these sections together, it is clear that the only possible sentences available to the jury in the instant case were death or life without parole. Moreover, the Mississippi Supreme Court has since addressed this very issue and has interpreted the three statutory provisions to mean that defendants in capital murder cases can only receive death or life imprisonment with parole. *See, e.g., Branch v. State*, 882 So.2d 36, 79 (Miss. 2004), *cert. denied*, 544 U.S. 907, 125 S. Ct. 1595, 161 L. Ed. 2d 282 (2005) (finding no error where trial court, in capital murder case, did not instruct jury on third option of life); *Flowers v. State*, 842 So.2d 531, 540 (Miss. 2003) ("The reading of these statutes together indicate that a defendant on trial for capital murder may only be sentenced to death or life imprisonment without the eligibility of parole. According to 47-7-3(1)(f), there is no longer the possibility of life imprisonment."); *Pham v. State*, 716 So.2d 1100, 1103 (Miss. 1998) (stating, in case where state was not seeking death penalty, that "the only possible sentence for conviction of capital murder committed after July 1, 1994, the effective date of § 47-7-3, if life without parole.")

*Moody v. Cabana*, 2007 U.S. Dist. LEXIS 69484 *104 (S.D.Miss. Sept. 18, 2007).

Further, as noted above, the Mississippi Supreme Court has held:

> [W]hile our capital sentencing statute still provides for life imprisonment, our parole statutes clearly do not. We reaffirmed this fact in *Pham*, and later in *Flowers*. The stark reality of all of this is that while Byrom's trial judge did, as a matter of clear

indicated why the imposition of his sentence, which occurred on March 30, 2001, precluded him from filing a *habeas* petition for over eight years following his conviction. Rather, the circumstances giving rise to his petition were available immediately upon conviction and sentencing in March 2001. The Ninth and Second Circuits have noted that "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)). In the case *sub judice*, even assuming the circumstances surrounding his sentencing could amount to extraordinary circumstances outside Seeling's control, Seeling has not shown that any external forces, rather than his lack of diligence were the cause of his delay in filing a *habeas* petition. Accordingly, Seeling's argument does not constitute "rare and exceptional circumstances" sufficient to toll the statute of limitations and it does not justify the application of equitable tolling. *See, e.g. Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000), quoting *Rashidi*, 96 F.3d at 128 (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant... or prevented in some extraordinary way from asserting his rights."); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) *cert. denied*, 528 U.S. 1007, 120 S. Ct. 504, 145 L. Ed. 2d 389 (1999) (unfamiliarity with legal process does not

---

> statutory law, have three sentencing options, including life imprisonment, the executive branch of state government via the Mississippi Department of Corrections, pursuant to Section 47-7-3(1)(f), would have administratively converted a life imprisonment sentence to a sentence of life imprisonment without parole eligibility. All of this having been said, so that we are crystal clear on this point, notwithstanding the provisions of Section 99-19-101(1), consistent with the legislative intent expressed via Section 47-7-3(1)(f) and this Court's decisions in *Pham*, *Flowers* and their progeny, the sentencer (jury or judge) in a capital case tried pursuant to Section 99-19-101, has in reality only two sentencing options - death, or life imprisonment without parole eligibility.

*Byrom v. State*, 927 So.2d 709, 724 (Miss. 2006).

merit equitable tolling).

Had Seeling advanced his claims within a reasonable time of their availability, he would not now be facing any time problem. Seeling sat on his rights for over three years before filing a post-conviction motion in state court thereby missing any opportunity for statutory tolling, and subsequently filed his *habeas* petition in this court over five years past the deadline. Furthermore, Seeling has not set forth any extraordinary circumstances justifying his lengthy delay in filing his *habeas* petition, and, thus, he has not demonstrated that equitable tolling should apply. Under long-established principles, Seeling's lack of diligence precludes equity's operation. *See Pace*, 544 U.S. at 419 (citing *Irwin v. Department of Veterans Afairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457, 112 L. Ed. 2d 435 (1990); *McQuiddy v. Ware*, 87 U.S. 14, 20 Wall. 14, 19, 22 L. Ed. 311 (1874) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights")). Because Seeling filed his federal *habeas* petition beyond the deadline, and because he is not entitled to statutory or equitable tolling for any of that period, his federal petition is barred by the statute of limitations.

Although Seeling's petition for a writ of *habeas corpus* was untimely filed, the Court would ordinarily address the merits of Seeling's claims out of an abundance of caution. However, in the present instance, neither Seeling's Petition nor Respondents' Motion [7-1] to Dismiss include a transcript of the Circuit Court proceedings. Therefore, the Court is unable to reach the merits of Seeling's assignments of error.

## **RECOMMENDATION**

Seeling's conviction and sentence became final on August 13, 2003. Thereafter, Seeling had one year or until August 13, 2004, to file a federal petition for a writ of *habeas corpus*. At the earliest, Seeling filed his federal habeas petition on October 28, 2009, some 1,902 days past the

August 13, 2004 deadline. Furthermore, Seeling did not properly file an application for relief as contemplated by 28 U.S.C. § 2244 (d)(2) on or before August 13, 2004, to toll the period of limitation. Also, Seeling has not cited any rare or extraordinary circumstances that warrant equitable tolling of the limitation period. Therefore, this Court finds that Seeling is entitled to neither statutory nor equitable tolling. It is the recommendation of this Court that Seeling's Petition for Writ of *Habeas Corpus* should be dismissed based upon the federal one-year limitations period found in 28 U.S.C. § 2244(d).

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   29th   day of June, 2010.

                                                                  s/ John M. Roper  
                                           CHIEF UNITED STATES MAGISTRATE JUDGE