IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHN HENRY SEELING, IV**                                            **PETITIONER**

**VS.**                                            **CIVIL ACTION NO. 1:09cv761HSO-JMR**

**UNKNOWN ABRAM, Captain**                                            **RESPONDENT**

MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on John Henry Seeling's Objection [11] to the

Report and Recommendation of Chief United States Magistrate Judge John M.

Roper [10] entered in this cause on June 29, 2010.  Also before the Court is the

Respondent's Motion to Dismiss [7] Seeling's *habeas corpus* Petition based on the

provisions of 28 U.S.C. § 2244(d).  Respondent contends that Seeling's *habeas*

Petition was not timely filed and should be dismissed.  The Court has conducted a

*de novo* review and concludes that Seeling's Petition was untimely filed.

Respondent's Motion should therefore be granted.

## I.  LEGAL STANDARD

This *habeas* Petition is governed by the Antiterrorism and Effective Death

Penalty Act ("AEDPA") of 1996.  *See Green v. Johnson* 116 F.3d 1115, 1119-20 (5th

Cir. 1997).  The AEDPA, 28 U.S.C. § 2244(d)(1), imposes a limitations period for

filing *habeas* Petitions, and provides in pertinent part as follows:

> [a] 1-year period of limitation shall apply to an application for writ
> of habeas corpus by a person in custody pursuant to the judgment
> of a State court.  The limitation period shall run from the latest
> of–...(A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking

such review. . . .

28 U.S.C.§ 2244(d)(1)(A).  However, the one-year statute of limitations is subject to

tolling for the period when a properly filed application for post-conviction relief or

collateral review is pending.  28 U.S.C. § 2244(d)(2).  In "rare and exceptional

circumstances," the one-year limitations period may be equitably tolled.  *Davis v.*

*Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

## II.  <u>PROCEDURAL HISTORY</u>

Seeling was convicted of capital murder on March 29, 2001.  *See* Ex. "A"

attach. to Resp.'s Mot. to Dismiss.  He was sentenced on March 30, 2001, to a term

of life imprisonment without the possibility of parole.  *See id.*  On March 20, 2003,

the Mississippi Supreme Court affirmed Seeling's conviction and sentence by

written opinion.  *See Seeling v. State,* 844 So. 2d 439 (Miss. 2003).  Rehearing was

denied on May 15, 2003.  *See* Ex. "B" attach. to Resp.'s Mot. to Dismiss.  There is no

evidence in the record that Seeling filed a petition for writ of certiorari to the

United States Supreme Court, and Seeling does not contend that he filed such a

writ.

Seeling, through counsel, filed his state court Motion for Leave to File Motion

for Post-Conviction Relief with the Mississippi Supreme Court on April 7, 2006.  *See*

Ex. "C" attach. to Resp. Mot. to Dismiss.  The Mississippi Supreme Court denied

Seeling's request on May 3, 2006.  *See* Ex. "D" attach. to Resp. Mot. to Dismiss.

Seeling filed another post-conviction motion in the Circuit Court of Hancock

County, in July 2006, which was dismissed for lack of jurisdiction. *See* Exs. "E," "F"
Attach. Resp. Mot. It appears that Seeling filed this motion *pro se*. *See id.* On
April 27, 2007, Seeling filed a Petition for Certiorari in the Mississippi Supreme
Court, which was treated as a motion for post-conviction relief and dismissed on
May 23, 2007, as a successive writ. *See* Exs. "G," "H" attach. to Resp. Mot. to
Dismiss. Seeling signed an Application for Leave to Proceed in the Trial Court on
Post-Conviction Relief on August 28, 2009, which was stamped filed in the
Mississippi Supreme Court on September 4, 2009. *See* Ex. "I" attach. to Resp. Mot.
to Dismiss. In the Application, Seeling requested that the Mississippi Supreme
Court vacate and set-aside his conviction and sentence, claiming, *inter alia*, that the
sentence of life without parole was unconstitutional. *See id.* The Application was
dismissed as a successive writ by Order of the Mississippi Supreme Court, filed on
October 7, 2009. *See* Ex. "J" attach. to Resp. Mot. to Dismiss.

   Seeling signed his Petition for *habeas* relief in this Court on October 28,
2009, and it was stamped filed on November 9, 2009. Ct. R., Doc. 1. On January 6,
2010, Respondent filed a Motion to Dismiss [7], arguing that Seeling's Petition
should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d). Seeling filed a
Traverse [9] to Respondent's Motion, asserting that because his sentence of life
imprisonment without eligibility for parole was illegal, the procedural bar of
untimeliness pursuant to § 2244(d), should be waived.

   In his Report and Recommendation, the Magistrate recommended that

Seeling's Petition for *habeas* relief should be dismissed as untimely, pursuant to §

2244(d).  The Magistrate concluded that under the statute, Seeling's *habeas* Petition

had to be filed by August 13, 2004.  Because Seeling did not timely file any motion

for post-conviction relief by that date, the limitations period contained at § 2244(d)

was not tolled.  The Petition was therefore untimely.  Because the Magistrate

determined that equitable tolling was not warranted under the circumstances of

this case, he recommended dismissal of the Petition.  The Magistrate did not

alternatively address the merits of Seeling's claims, on grounds that a transcript of

the state court proceedings was not filed into the record.

In his Objection to the Magistrate's Report and Recommendation, Seeling

contends that "he has only one objection to the Magistrate's Report and

Recommendation."  Obj. at p. 1.  Seeling generally objects to the dismissal of his

Petition as time-barred.  However, he elaborates on the Mississippi Attorney

General's failure to file the state court record into the record.  Seeling attaches the

state court record as an Exhibit to his Objection, asking the Court to review its

merits.  Seeling cites to *Lott v. Hargett*, 80 F.3d 161 (5th Cir. 1996), which held that

"[a] court must examine a petitioner's claim to determine whether there are

fundamental constitutional rights at stake before it can dismiss a petition as

procedurally barred."  *Id*. at 165.  Because there has been an objection filed to the

Report and Recommendation, the Court reviews the Magistrate's findings *de novo*.

## III.  ANALYSIS

*Hargett* examined the application of state procedural bars to federal habeas

4

review.  According to *Hargett*,

> [f]ederal habeas review is barred in all cases in which a state prisoner has
> defaulted his federal claims in state court pursuant to an independent
> and adequate state procedural rule, unless the prisoner can demonstrate
> cause for the default and actual prejudice as a result of the alleged
> violation of federal law, or that failure to consider the claims will result
> in a fundamental miscarriage of injustice.

*Id.* at 161.

"Review of [Seeling's] claims here, however, is not barred on some procedural

default but is foreclosed due to the operation of a federal statute of limitations of

which [statutory and] equitable tolling [are] the only exception[s]."  *Wesley v. Cain*,

No. 08-3687, 2009 WL 3190693, at * 3 (E.D. La. Sept. 30, 2009) (rejecting the

petitioner's argument that the court should reach the merits of his claims on

grounds that he had made a specific showing of a fundamental miscarriage of

justice, where the petition was filed outside § 2244(d)'s limitations period); *see also*

*Prieto v. Quarterman*, 456 F.3d 511, 514-15 (5th Cir. 2006) (AEDPA is subject to

statutory and equitable tolling).  Here, Respondent timely raised the affirmative

defense of the statute of limitations in its Motion, and the limitations issue is

properly before the Court.[1]  Because Seeling's claims are not subject to either

---

[1]The United States Supreme Court's holding in *Day v. McDonough*, 547 U.S. 1675
(2006), to which Seeling indirectly cites in his Traverse, is inapplicable here.  In *Day*, the
Supreme Court addressed a federal court's authority to dismiss a *habeas* petition on its
own initiative as untimely, where the state failed to contest the untimeliness.  *See id.* at p.
1679.  It held that "before acting on its own initiative....the court must assure itself that
the petitioner is not significantly prejudiced by the delayed focus on the limitation issue,
and 'determine whether the interests of justice would be better served' by addressing the
merits or by dismissing the petition as time barred."  *Id.* at 1685 (*quoting Granberry v.
Greer*, 481 U.S. 129, 136 (1987)).  Because the Court is not considering the statute of
limitations defense, *sua sponte*, it need not consider any prejudice to Seeling, or whether

statutory or equitable tolling under the AEDPA, the Court finds that Seeling's Petition for *habeas* relief must be dismissed as untimely.

Seeling's Petition for *habeas* review was "filed," at the earliest, on October 28, 2009, the date he signed his Petition. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) ("Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court."). Under the AEDPA, Seeling's Petition had to be filed no later than August 13, 2004, one year from the date his conviction became final. "When a habeas petitioner has pursued relief on direct appeal through the state's highest Court, his conviction becomes final ninety days after the highest court's judgement is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court." *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (*citing Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003)). The Mississippi Supreme Court denied rehearing of Seeling's conviction and sentence on May 15, 2003. Because Seeling did not file a writ of certiorari to the United States Supreme Court, his conviction became final ninety days thereafter, or on August 13, 2003.

The record reflects, and Seeling does not contest, that the earliest post-conviction motion he filed was in the Mississippi Supreme Court, on April 7, 2006. *See* Ex. "C" attach. to Resp. Mot. to Dismiss. This date is well past the August 13, 2004, deadline for filing a *habeas* petition. Therefore, Seeling's claims are not

---

the interests of justice are better served by addressing the merits.

subject to statutory tolling.  The merits of Seeling's *habeas* Petition can therefore only be addressed if the Court tolls the AEDPA limitations period.

The Court may apply equitable tolling in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, - - - F. 3d - - -, 2010 WL 3278609, at *9 (5th Cir. 2010) (*quoting Holland v. Florida*, - - - U.S.- - -, 130 S. Ct. 2549, 2561 (2010)) (internal quotations omitted).  "The applicant bears the burden of establishing that equitable tolling is warranted." *Hudson v. Quarterman*, 332 Fed. App'x 209, 210 (5th Cir. 2009) (*citing Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000)).

The record reflects that Seeling did not file a post-conviction motion in state court for almost three years after his conviction became final.  It also shows that he waited over six years from that date to file his federal *habeas* Petition.  Because Seeling does not argue that he was prevented in some way from filing his Petition timely, the Court cannot equitably toll the one-year limitations period under the AEDPA.

Upon *de novo* review, the Court finds that Seeling's claims are subject to neither statutory or equitable tolling, and are therefore barred by the one-year statute of limitations under the AEDPA.  Because Seeling's claims are federally

time-barred, the Court need not reach the merits of his claims.  Accordingly, the Court finds no grounds to overturn the Report and Recommendation, and further finds that the Report and Recommendation of Chief Magistrate Judge John M. Roper, entered on or about June 29, 2010, should be adopted as the finding of this Court.  The Court further concludes that the Report and Recommendation correctly determined that Respondent's Motion to Dismiss should be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Seeling's Objection [11] to the Magistrate Judge's Report and Recommendation [10] should be, and hereby is, **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [10] of Chief Magistrate Judge John M. Roper entered on June 29, 2010, should be and hereby is adopted as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent's Motion to Dismiss [7] should be and hereby is **GRANTED**.   A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED,** this the 28th day of September, 2010.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

8